## HANOVER FIRE INSURANCE CO. v. SHRADER & ROGERS.

### No. 1813.

**1. Insurance Policy—Pleading—Variance.**

In an action on an insurance policy the petition averred its number 300,012 and the amount of insurance to be $1600, and the policy itself, when offered in evidence, corresponded with these averments and contained marginal figures $1600. A copy of the policy attached to the petition and referred to as part of it also recited the amount in its face as $1600, but appeared to be numbered 300,001, and contained marginal figures $1000. Held, that the variance was immaterial.

**2. Same—Waiver of Proofs of Loss.**

A denial of all liability on an insurance policy, on the ground that it is a nullity, is a waiver of proofs of loss stipulated for in the policy.

**3. Same—Ownership—Insurable Interest.**

S., the owner of a stock of drugs, formed a partnership with R., selling him a one-half interest in the drugs, for which R. was to execute his note, to be paid from the proceeds of the business. The firm took possession of the property, and shortly thereafter, before the note had been prepared and executed, the property was destroyed by fire. Held, that R. had an insurable interest in the property. An equitable title meets the requirement that the interest of the assured is the entire, unconditional and sole ownership.

**4. Community Property—Title in Name of Wife.**

The fact that the title of community personal property stands of record in the name of the wife does not affect the character of the husband's title therein, nor prevent it from being subject to his disposition, where there is no intention to make it her separate property.

**5. Insurance Policy—Repudiation—Return of Premium.**

Where an insurance company desires to avoid a policy, on the ground that the person who as its agent procured the policy was also the beneficiary therein, it must on discovery of these facts promptly repudiate his agency and tender back the premium which it has received.

**6. Assignment of Error.**

An assignment of error that "the findings and judgment of the court are not supported by the pleadings, evidence and law of the case," is too general to justify consideration.

**7. Suit Prematurely Brought.**

Where an action against an insurance company is brought within the sixty days allowed the company, but is tried long thereafter, the fact that it is prematurely brought could affect only the matter of costs or of interest.

**8. Pleading—Ratification.**

Where defendant seeks to avoid a contract on the ground that its execution by an agent was unauthorized, the plaintiff may prove a ratification of the contract under the general denial, and without pleading it in replication.

APPEAL from Hardeman. Tried below before Hon. G. A. BROWN.

*A. G. Walker,* and *D. E. Decker,* for appellant.

*B. P. Eubank,* for appellees.

TARLTON, CHIEF JUSTICE.—On April 26, 1893, M. E. Shrader, joined by her husband, G. W. Shrader, and W. J. Rogers, brought this suit against the appellant, Hanover Fire Insurance Co. They alleged that on December 7, 1892, the plaintiffs M. E. Shrader and W. J. Rogers composed the firm of Shrader & Rogers; that they ·were the

owners of a certain stock of drugs, medicines, etc., in the town of Quanah; that on the date named the appellant and the Citizens Fire Insurance Co. of New York, by insurance policy No. 300012, each company contracting for itself, insured the property as that of Shrader & Rogers against loss by fire, in the sum of $1600, for the term of one year, the appellant, in case of loss, to pay two-thirds thereof, and the Citizens Insurance Co. to pay the remaining third; that while the policy was in force, on December 20, 1892, the property was wholly destroyed by fire. They alleged the giving of proper notice and proof of loss, as provided for in the policy.

On May 19, 1893, an amended petition was filed, in which M. E. Shrader was omitted as a plaintiff, the names of the plaintiffs being given as G. W. Shrader and W. J. Rogers, composing the firm of Shrader & Rogers, to whom, as averred, the policy was issued. On November 13, 1893, G. W. Shrader and W. J. Rogers filed a second amended original petition, alleging the firm of Shrader & Rogers to be composed of G. W. Shrader and W. J. Rogers, and that the policy was thus issued to them, and further alleging, "that the property insured by appellant was purchased by appellee G. W. Shrader in the name of M. E. Shrader, his wife, on or about the 7th day of December, 1892, from W. S. Harris; that although the transfer was made to M. E. Shrader, G. W. Shrader paid the consideration therefor; that on said date G. W. Shrader transferred, for a valuable consideration, a half interest to W. J. Rogers; that G. W. Shrader carried on his interest in the business, and did business in the name of M. E. Shrader, and that the firm name was Shrader & Rogers. The character of the remaining averments on the part of the appellees, as also of the appellant, will be sufficiently indicated in our remarks disposing of the assignments of error.

A trial before the court resulted in a verdict for the plaintiffs in the principal sum of $1069.47; hence this appeal.

We find the following conclusions of fact, mostly from those filed by the trial judge:

1. On December 7, 1892, G. W. Shrader purchased from W. S. Harris a stock of merchandise, drugs and medicines, and other property such as was covered by the insurance policy herein sued on. The property comprised the stock and fixtures in what was known as the Palace Drug Store, in Quanah, Texas. It was paid for by G. W. Shrader, the property being of the cash value of $2700, Shrader at the same time assuming and paying $200 indebtedness of Harris on the property.

2. Shrader took from Harris a bill of sale to the property. This instrument, dated December 7, 1892, is in the name of M. E. Shrader, who is the wife of G. W. Shrader. It was duly acknowledged and recorded on the same day.

3. Immediately after the purchase, G. W. Shrader sold to W. J. Rogers one-half interest in the property, and thereupon the two formed the partnership of Shrader & Rogers. Each put into the firm business his one-half interest in the property, and proceeded to engage in a regu-

lar drug business, in the same house as that previously occupied by W. S. Harris.

4. On the same day, December 7, 1892, G. W. Shrader, for the firm of Shrader & Rogers, applied for and received the policy of insurance herein sued on. This was issued by the firm of Elbert & Shrader, local agents for the appellant company, a corporation organized under the laws of New York, and for the Citizens Insurance Co. G. W. Shrader, the insured, was a member of the firm of Elbert & Shrader, local agents. The insurance policy was number 300012. In it each of the companies contracted for itself, and not one for the other, in consideration of the sum of $32, two-thirds of which amount was paid by the firm of Shrader & Rogers to the appellant, and one-third to the Citizens Insurance Co. The amount of the insurance was $1600, $400 of which was on the fixtures and $1200 on the stock of drugs. Two-thirds of this sum was insured by the appellant and one-third by the Citizens Insurance Co., for the term of one year.

5. The policy binds the appellant to pay to Shrader & Rogers all losses not exceeding two-thirds of the amount insured.

6. During the month of December, 1892, after the issuance of the policy and prior to December 20, 1892, Shrader & Rogers placed in the stock of drugs $117.19 worth of goods, selling during that time merchandise of the value of $72.50. December 20, 1892, the property insured was wholly destroyed by fire. At that time the fixtures were of the cash value of $700, and the drugs, medicines, etc., of $2200. J. L. Elbert, of the firm of Elbert & Shrader, local agents at Quanah (composed, as already stated, of J. L. Elbert and G. W. Shrader), drew up the policy and signed thereto the firm name of Elbert & Shrader. In applying for the policy, G. W. Shrader informed his co-partner, J. L. Elbert, that the bill of sale from Harris to the property was made to M. E. Shrader, wife of G. W. Shrader, but that the property belonged to the partnership of Shrader & Rogers, composed of G. W. Shrader and W. J. Rogers. The firm of Shrader & Rogers at the time of the fire had in their store a good iron safe, in which they kept their books, invoices, inventories, accounts and papers pertaining to their business, and on the evening before the fire, about 9 o'clock p. m., December 19, 1892, the firm closed and locked the safe, with the books, papers, invoices, etc.

7. On December 20, 1892, between 12 and 2 o'clock, the property was destroyed by fire. Perforce of the finding below, not here complained of, we are constrained to conclude that this fire was in no sense due to the fault or to the negligence of G. W. Shrader or of W. J. Rogers. The fire also consumed all the books and papers, invoices and inventories of Shrader & Rogers pertaining to the property and the business.

8. Prior to the fire Shrader & Rogers kept a set of books in the manner and as required by the iron safe clause attached to the policy. These were placed in the safe and destroyed as stated.

9.   Immediately after the loss Shrader & Rogers notified the companies thereof.  They also then forwarded a proof of loss.  This proof was made out in the name of M. E. Shrader and W. J. Rogers, composing the firm of Shrader & Rogers.  It was sworn to by them, and contains, among other matters, the statement that M. E. Shrader and W. J. Rogers are the members and only members composing the firm of Shrader & Rogers, and that they were the sole owners of the property when insured and when destroyed.  After the losses and the above mentioned proof had been furnished the defendant, R. S. Yoakum, general agent of the defendant, came to Quinah, with full power and authority to inquire into and to adjust, settle and pay the loss.  With full knowledge of all the facts affecting the loss, he declined to pay it, alleging only as a ground for his refusal that there was a misrepresentation of the ownership, in that W. J. Rogers had no interest in the property, and for that reason the policy was void.  This occurred on or about March 19, 1893.  At no time after the fire was the firm Shrader & Rogers, or G. W. Shrader or W. J. Rogers, or M. E. Shrader, able to furnish to appellant an itemized statement of the articles insured, other than as was stated in the proof of loss and as stated in the plaintiff's pleading.

*Opinion.*—The policy offered in evidence appeared on its face to be number 300012, and contained as marginal figures $1600.  A copy of the policy attached to the plaintiff's petition and referred to as a part of it appeared to be number 300001, and contained marginal figures in the sum of $1000.  This variance was made the ground of an objection to the evidence, the overruling of which is complained of in the first assignment of error.

The objection was properly overruled.  It was averred in the petition that the number of the policy sued on was 300012 and the amount of insurance therein described was $1600.  The copy itself referred to, mentioned in its face the sum of $1600 as the amount insured.  The variance did not tend to surprise, and was wholly immaterial.  Wiebush v. Taylor, 64 Texas, 56; Mast v. Nacogdoches Co., 71 Texas, 380.

The plaintiffs in their amended petition alleged that they were partners under the firm name of Shrader & Rogers, and that they had made proof of loss as required under the policy.  They offered in evidence the proof of loss referred to in our conclusions of fact as made by M. E. Shrader and W. J. Rogers, and sworn to by them as the members of the firm of Shrader & Rogers, and as the sole owners of the property.  Objection on the ground of variance between the allegations and the proof in the respect indicated, was made by the defendant and overruled by the court, and forms the subject of the second assignment of error.

This action was probably erroneous, but it is such as will not require a reversal of the judgment, for the reason, hereafter adverted to, that the company must be held to have waived the requirement of a proof of

loss by the denial, with full knowledge of the facts, of all liability on the policy.

It appears from the evidence that when the transaction occurred between G. W. Shrader and W. J. Rogers on December 7, 1892, whereby we have held that Rogers became the owner to the extent of one-half of the property in question, he paid no money to Shrader, but that the latter sold to him a half interest in consideration of his agreement to execute his note for $1300, which note Rogers was to pay from proceeds of the business. It also appears that he failed to execute this note, not, however, because he was unwilling to do so, or desired to violate his agreement, but because it had not, up to the time of the fire, been prepared and presented. It was, nevertheless, the agreement on the day named that Rogers should become the owner to the extent of a half interest, and that himself and G. W. Shrader should be partners in the manner indicated.

We think these facts justify the conclusion that Rogers had an insurable interest in the property; that himself and G. W. Shrader formed a partnership on December 7, 1892; and that they should be regarded as the sole and unconditional owners of the property insured. An equitable title meets the requirement that the interest of the insured shall be the entire, unconditional and sole ownership of the property. Insurance Co. v. Crockett, 7 Lea, 725; May on Insurance, sec. 287c.

It was not necessary that the transfer should be made in writing, this being personal property, and the obligation to pay the amount in consideration of which the transfer was made rested upon Rogers. The fact that the transfer from Harris stood upon the records in the name of M. E. Shrader does not affect the question or change the character of the title in G. W. Shrader. M. E. Shrader was his wife, and the property was the community property of G. W. Shrader and M. E. Shrader, subject to the disposition of the former. The evidence does not justify, but rather excludes, the inference that it was the intention of G. W. Shrader in taking the transfer in the name of his wife, M. E. Shrader, to thereby make it her separate property. Higgins v. Johnson, 20 Texas, 389. We therefore overrule the sixth, seventh and eighth assignments of error, presenting the questions just considered.

The evidence justifies the conclusion found by the trial court, and consequently by us, that the company waived the requirement of the proof of loss stipulated in the policy. Before the institution of the suit and with the insufficient proof of loss (if to be so regarded) in its possession, the company denied all liability and asserted the nullity of the policy, on the sole ground that W. J. Rogers had no interest in the property. This conduct is to be regarded as a waiver of the condition requiring proof of loss. Ins. Co. v. Clancy, 71 Texas, 11; Ins. Co. v. Coffee, 61 Texas, 287; May on Ins., sec. 469d. We thus overrule the ninth and tenth assignments of error.

The twelfth assignment of error asserts the contention that as G. W. Shrader was the local agent of the defendant when the policy was issued,

and as his name was signed to the policy as such agent, the court should
for that reason have found the contract of insurance to be against public
policy and void.

As Shrader in the issuance of this policy was acting in his own in-
terest, it follows that he was thereby precluded from acting also as the
agent of the company. Public policy forbids that he should "represent
antagonistic interests." It follows also from this fact that the contract
is voidable at the instance of either party. May on Ins., sec. 125. But
it does not follow that the contract is absolutely void on this ground,
or such as is not susceptible of ratification.

In this case, we have found that the premium upon the policy was
paid by the insured and received by the company. It was hence the
duty of the latter, when it discovered that G. W. Shrader was the bene-
ficiary in the policy, to repudiate his act as its agent and to tender back
the premium received from him. This it failed to do. Knowledge that
he was a member of the firm of Shrader & Rogers, the insured, and that
he was a member of the firm of Elbert & Shrader, the local agents of
the appellant, was brought to the latter by the filing of the plaintiffs'
amended original petition on May 19, 1893; in fact, as the court on
sufficient evidence found, as early as March 19, 1893. It should then
have promptly repudiated the agency of G. W. Shrader and tendered
a return of the premium paid it. It could not retain the consideration
and rescind or avoid the contract, and must therefore be held to have
ratified the latter. Pearson v. Cox, 71 Texas, 250.

It is manifest from its conclusions of fact, that the court in finding
as a conclusion of law that the property insured belonged to the firm
of Shrader & Rogers, referred to G. W. Shrader and W. J. Rogers as
members of that firm. The thirteenth assignment of error is hence
overruled.

The fourteenth assignment, that "the findings and judgment of the
court are not supported by the pleadings, evidence and law of the case,"
is too general to justify consideration.

The fifteenth assignment suggests that the court should have found
the suit to have been prematurely brought, and should have dismissed
the case on the ground that the original petition was filed in less than
sixty days from the waiver by the company of proof of loss. It must be
noted that the trial in this case was had and the judgment rendered
upon an amended petition filed long after the lapse of the sixty days
referred to. It follows, that if the suit as originally brought should be
deemed premature, this fact could only affect the question of costs or of
interest. Ins. Co. v. Brown, 82 Texas, 613. The court would have erred
if it had of its own motion at the date of the trial dismissed the cause.

We are constrained to order an affirmance of the judgment.

*Affirmed.*

Delivered May 29, 1895.

ON MOTION FOR REHEARING.

TARLTON, CHIEF JUSTICE.—1. Our conclusion, stated in the original opinion, that R. S. Yoakum knew on the 19th of March, 1893, that G. W. Shrader claimed to be the assured under the policy, rests upon the conclusion to that effect found by the trial court ánd not complained of under any assignment of error. If this conclusion, however, be erroneous, it is immaterial, in that it is undisputed that such notice was brought to the defendant by the filing of the plaintiffs' amended original petition on May 19, 1893. Besides, the appellant must have known that M. E. Shrader was the wife of G. W. Shrader; that the property covered by the policy was community property, and that it was contrary to public policy that she should engage as a partner in the mercantile business. Miller v. Kempner, 65 Texas, 131. The witness J. L. Elbert testified that, as a member of Elbert & Shrader, agents of the company, he signed the policy of insurance in the firm name, knowing at the time that the property was bought in the name of M. E. Shrader, and that G. W. Shrader and W. J. Rogers composed the firm of Shrader & Rogers. We deem it unimportant that the business and the property stood in her name.

2. We are of opinion that the fact of ratification adverted to in the original opinion could be proved without pleading to that effect in replication to the defendant's answer. The policy was valid on its face. The burden was upon the defendant to show it invalid. This it sought to do by alleging in substance that G. W. Shrader, the assured, without its knowledge or consent, acted as its agent in issuing the policy to himself. We have held that, under the evidence, inasmuch as it retained the premium with knowledge of Shrader's act, it must be held to have ratified that act. The proof of such ratification was, in our opinion, admissible under the general denial supplied by art. 1197 of our Revised Statutes. Without special pleading, the plaintiff was entitled by showing a ratification to rebut the defense relied upon. The appellee does not here rely upon a waiver in avoidance of the defense urged, but upon a ratification, which "relates back to the inception of the transaction, and which it is unnecessary to aver by way of replication." Railway v. Chandler, 51 Texas, 420.

The inference is probably to be drawn from remarks in our former opinion, that in the absence of ratification, we would hold the policy voidable, on account of the fact that Shrader, a member of the firm of Elbert & Shrader, who issued the policy, was the assured. Such would be our opinion were it a question of individual agency. It will be noted, however, that this policy was issued, not by G. W. Shrader as the individual representative of the company, but by J. L. Elbert, of Elbert & Shrader, a partnership, representing the company. We do not desire to be understood as holding that a policy issued by a firm, the agents of the insurer, would be voidable because one of the members of the firm is

the assured.   We find it unnecessary to pass upon this question, and thus
qualify any expressions in our former opinion which would justify a
different inference.

The motion for rehearing is overruled.

                                                      *Overruled.*

Delivered October 18, 1895.

Writ of error refused.