[L. A. No. 1111.   Department One.—September 10, 1903.]

### TALITHA M. HANNA, Appellant, v. G. S. DE GARMO et al., Respondents.

NONSUIT—PRESUMPTION ON APPEAL.—Where the record upon appeal by the plaintiff shows that a nonsuit was granted as to certain defendants, but is otherwise silent as to any motion for nonsuit made by them, or any order thereon or exception thereto, it must be pre-

sumed in favor of the judgment that a motion for a nonsuit was regularly made and properly granted by the court, and that a provision for nonsuit in the judgment followed an order regularly made on the trial.

Id.—Absence of Exception from Record—Review upon Appeal—Reporter's Notes.—This court will not review the action of the trial court on granting a motion for a nonsuit, where no exception was reserved to the ruling of the court. The exception must appear in the stating or substantive part of the bill of exceptions, and be specified as an error of law occurring at the trial. Its absence from the record cannot be supplied by the reporter's notes showing that an exception was taken.

APPEAL from a judgment of the Superior Court of Los Angeles County. M. T. Allen, Judge.

The facts are stated in the opinion of the court.

H. A. Barclay, and Gilbert D. Munson, for Appellant.

Goodrich & McCutchen, for Respondents.

ANGELLOTTI, J.—This action was brought by plaintiff, a judgment creditor of defendant G. S. De Garmo, to subject to plaintiff's claim property alleged to have been fraudulently conveyed by said defendant to his wife, defendant Mamie De Garmo, and by him and his said wife to his brother, defendant W. I. De Garmo. The defendant Southern California Savings Bank, it was alleged in the complaint, claimed some interest in the property. The defendants having answered, a trial was had, and judgment was finally entered in favor of plaintiff as against G. S. De Garmo for $1,754, and interest, As to defendants Mamie De Garmo and W. I. De Garmo, judgment of nonsuit was given, and it was adjudged that plaintiff take nothing as to the Southern California Savings Bank. The plaintiff appeals from the judgment and an order denying her motion for a new trial. No complaint is made as to the judgment, except in so far as it denies plaintiff relief against Mamie De Garmo and W. I. De Garmo. As to those defendants, the judgment directs a nonsuit. The record is otherwise silent as to any motion for nonsuit made by said defendants, order of court thereon, or exception to such order. A court has authority to grant a judgment of nonsuit only

in certain cases specified by law. (Code Civ. Proc., sec. 581.) Every presumption is in favor of the judgment. Nothing appearing in the record inconsistent with that conclusion, it is to be presumed on this appeal that a motion for a nonsuit was regularly made by such respondents and granted by the court. An order of nonsuit as to these respondents having been made, leaving other defendants still before the court, it was proper for the court in its final judgment to include a judgment of nonsuit as to such respondents (*Kennedy* v. *Dusenbery*, 116 Cal. 124, 126), and such provision in the judgment, it must be presumed in favor of the judgment, followed an order granting the nonsuit, made on the trial. The record fails to show that any exception was taken to the order granting the nonsuit. It is thoroughly settled that this court will not review the action of the trial court in granting a motion for nonsuit where no exception has been reserved to the ruling of the court. The ruling of the trial court upon such a motion presents a question of law, and must be both excepted to and specified as an error of law occurring at the trial, and the exception must appear in the stating or substantive part of the bill of exceptions or statement. The bill must affirmatively show that the ruling assigned as error actually took place at the trial and was excepted to. (*Craig* v. *Hesperia L. and W. Co.*, 107 Cal. 675; *Malone* v. *Beardsley*, 92 Cal. 150; *Flashner* v. *Waldron*, 86 Cal. 211; *Warner* v. *Darrow*, 91 Cal. 309.) Such an order is not deemed excepted to. (*Flashner* v. *Waldron*, 86 Cal. 211.) No exception appearing of record, it must be presumed that no exception was taken. (*Malone* v. *Beardsley*, 92 Cal. 150.)

Counsel for appellant admit that a motion for a nonsuit was made and also that an order was made granting the same, and urge that an authenticated copy of the shorthand reporter's notes, filed with their closing briefs, shows that an exception was taken to such ruling of the court. A copy of the reporter's notes so filed constitutes no part of the record on appeal, and cannot be considered by this court. The law fully and definitely determines what shall be the record on appeal, and the reporter's notes are no part thereof. Constituting no part of the record on appeal, they cannot be made a part of such record under rule XIV of this court, which simply pro-

vides for the correction of an error or defect in the transcript, so as to make it show the *true record.*

The contention of respondents that this court is precluded from reviewing the action of the trial court in granting their motion for a nonsuit must, under the authorities, be sustained.

All of the points made by appellant go to the question of the correctness of the ruling of the court in granting the motion for nonsuit. If that ruling was correct, the judgment was free from error, and, as we are precluded from reviewing the action of the court on the motion for nonsuit, it must be presumed in support of the judgment that such motion was properly granted.

The judgment and order are affirmed.

Shaw, J., and Van Dyke, J., concurred.