[Civ. No. 719. First Appellate District.—June 26, 1911.]

JOHN R. SAUL, Appellant, v. GIACOMO MOSCONE et al., Respondents.

ACTION FOR SPECIFIC PERFORMANCE—UNAUTHORIZED DISMISSAL WITHOUT MOTION—FINAL JUDGMENT—EXCEPTION NOT REQUIRED—REVIEW UPON APPEAL.—The summary dismissal of an action for the specific performance of a contract for the sale of land by the court, at the conclusion of the evidence for both parties, without any motion for a nonsuit by the defendant, was not a dismissal authorized under subdivision 5, section 581 of the Code of Civil Procedure, which,

prior to 1909, was required to be excepted to in order to be reviewed upon appeal; but it was a final judgment "deemed excepted to," under section 647 of that code; and where the evidence for the plaintiff was sufficient to support a judgment in his favor, no exception was required in order that such judgment of dismissal may be reviewed upon appeal.

ID.—MOTION FOR NONSUIT ALLOWED.—While a motion for a nonsuit may, under the provisions of section 581 of the Code of Civil Procedure, be granted after the evidence for both sides is closed, that section does not purport to warrant a nonsuit except upon a motion of the defendant "when upon the trial the plaintiff fails to prove a sufficient case."

ID.—FINAL JUDGMENT UPON MERITS—FINDINGS NOT FILED—REVERSAL. Where the record shows that the nature of the proceeding of the court dismissing the action without authority was a final judgment upon the merits, and the court filed no findings therein, the judgment is unsupported and must be reversed.

ID.—PRESUMPTION OF WAIVER OF FINDINGS INAPPLICABLE—CONTRARY SHOWING.—The rule that findings may be presumed to be waived, in the absence of a showing to the contrary, is inapplicable, where the record shows that the only reasonable inference therefrom is directly to the contrary, and shows not only that the court acted upon an erroneous view of the law and of his right to dismiss the action, but also shows that the court expressly denied plaintiff's motion for an order vacating the dismissal and asking the court to make and file written findings of fact.

ID.—JUDGMENT DENYING SPECIFIC PERFORMANCE NOT UPHELD—UNCERTAINTY IN DESCRIPTION REMOVED BY EVIDENCE.—The final judgment dismissing the action cannot be upheld by reason of uncertainty in the description of the land in the complaint for specific performance, where such uncertainty was properly aided and removed by evidence of extrinsic facts.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.    J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

E. B. Coil, for Appellant.

Breen & Kelly, for Respondents.

KERRIGAN, J.—This action was brought by the plaintiff for the specific performance of a contract for the sale of a lot of land described in the complaint.    The cause came on for

trial before the court without a jury upon the issues made by. the complaint and the answer thereto. It appears from the bill of exceptions that the plaintiff offered testimony sufficient to support the material allegations of the complaint—showing the execution of the contract, the payment of ten dollars as part payment for the land, a tender of the balance and a demand for a deed. The evidence shows that the contract in question was executed in duplicate, being made out on a printed blank. The printed blank provided that the vendee should have ten days in which to examine the title to the property, but in the plaintiff's duplicate of the executed contract the word "ten" was crossed out and the word "sixty" substituted in pencil. Plaintiff testified that the same change had been made in the vendor's (defendants') duplicate, the change in both having been made before execution. The vendors produced their contract, which showed no such change, and denied that they had ever agreed with the vendee that he should have more than ten days in which to examine title. Under this state of the evidence the plaintiff requested the court to take an adjournment until the following morning, and in this connection the record shows as follows:

"Mr. Coil (Plaintiff's Counsel): . . . If you will continue the matter until 9:30 to-morrow morning I will have the witnesses here.

"Mr. Coghlan (Defendants' Attorney) : What do you want them to testify?

"Mr. Coil: I want them to testify that they saw the original contract, that the word 'sixty' was in the original contract at the time it was signed.

"The Court: If on your side the word 'sixty' was written in there as an after consideration, you lose; if on the other side they erased whatever was in the copy, those sixty days, they lose. That is all I have got to decide in this case.

"Mr. Coil: Well, I contend, if the word 'sixty' was in the original contract at the time the party to be charged signed it, although the copy by inadvertence might have omitted it, that the original contract would be good.

"The Court: No, if that is the fact I will resolve it against you, because business men should not do business that way, and if business men cannot be taught in any other way than by a case in court, let them learn the lesson there. If this

original and the copy contained the word 'sixty' you win; if one did not contain it, and it has not been erased, you lose."

An adjournment was then taken, and the trial resumed on the following morning, when plaintiff introduced evidence tending to show that the word "sixty" had been substituted in pencil for the printed word "ten" in both duplicates of the contract, and that this pencil change had been subsequently erased in the copy of the contract retained by the vendors.

In this condition of the evidence, and without any motion or request made by the defendants, the court ordered the action dismissed without costs to either party. No exception was taken to this order, and the order dismissing the action was entered in the minutes of the court November 22, 1906.

The plaintiff thereafter, on December 10, 1906, moved the court to set aside its order dismissing said action, and to render a decision on the merits and file its written findings of fact, which motion, after submission by the parties, was denied, and subsequently a judgment of dismissal without costs was duly entered by the clerk of said court.

Plaintiff appeals from said judgment, and urges in support of his appeal that the decision is against law, and that it was the duty of the court, upon the submission of the cause, to render a judgment upon the merits and file its written findings of fact and conclusions of law.

Prior to the amendment of section 647, Code of Civil Procedure, in 1909, it was necessary in order to protect the right of appeal to reserve an exception to an order on a motion for nonsuit. (*Martin* v. *Southern Pacific Co.*, 150 Cal. 130, 131, [88 Pac. 701]; *Hanna* v. *De Garmo*, 140 Cal. 172, [73 Pac. 830]; *Craig* v. *Hesperia etc. Co.*, 107 Cal. 675, [40 Pac. 1057]; *Warner* v. *Darrow*, 91 Cal. 309, [27 Pac. 737].) This case was tried before the enactment of said amendment, and defendant contends that the judgment was a judgment of dismissal authorized by subdivision 5 of section 581, Code of Civil Procedure, and that the defendant having failed to note an exception to the order, waived his right to object thereto and to have the order reviewed on appeal. Said subdivision of section 581 reads as follows: "An action may be dismissed, or a judgment of nonsuit entered, in the following cases:

. . . 5. By the court, upon motion of defendant, when upon the trial the plaintiff fails to prove a sufficient case for the jury.''

Here both parties had introduced all their evidence touching the material issues in the case; the evidence introduced by plaintiff was ample to support a judgment in his favor, and as no motion was made by defendant for a judgment of dismissal upon the ground that plaintiff had failed to prove a sufficient case, or upon any other ground, we think the judgment in this case, irrespective of what it is called, must be regarded as a final decision, and as such, of course, ''is deemed excepted to.'' (Code Civ. Proc., sec. 647.) While a nonsuit may, under the provisions of section 581, be granted on motion after the evidence for both sides is closed (*Toulouse* v. *Pare,* 103 Cal. 251, [37 Pac. 146]), that section does not purport to warrant a nonsuit except *upon a motion of the defendant* ''when upon the trial the plaintiff fails to prove a sufficient case.'' (*Estate of Higgins,* 156 Cal. 257, 260, [104 Pac. 6] ; *Hanover Fire Ins. Co.* v. *Shrader et al.,* 11 Tex. Civ. App. 255, 260, [31 S. W. 1100, 32 S. W. 344] ; *Burns* v. *Rodefer,* 15 Nev. 59, 63; 14 Cyc. 458.) And where, as here, a judgment, although it is termed a ''dismissal,'' is in fact a final decision of the case, and not a mere order of nonsuit or dismissal made in accordance with the provisions of section 581, it will be treated as a final judgment. (*Wood, Curtis & Co.* v. *Mo. Pac. Ry. Co.,* 152 Cal. 344, 347, [92 Pac. 868].) The judgment being on the merits of the case, and no findings having been filed, the judgment must be reversed.

Some suggestion is made that if the judgment should be considered as a final judgment, and regarding it as such, we must presume that findings were waived; and it is contended that the record does not show that they were not waived. In our opinion, the rule does not apply. We have often said, and it is the rule, that where it becomes necessary on an appeal from a judgment on the judgment-roll, or where other questions are raised exclusive of the question as to whether or not the findings support the judgment or the evidence supports the findings, we will, in the absence of a showing to the contrary, presume that findings were waived. But that rule has never been carried to the extent of presuming that findings had been waived where the only reasonable inference

that can be drawn from the record is directly to the contrary. In this case, while the bill of exceptions does not show whether findings were waived or not, the order of the court summarily dismissing the action, and the views expressed by the court, show that he acted upon an erroneous idea as to the law and as to his right to dismiss the action. It was dismissed in open court while the parties were present and the court termed it an order dismissing the action, and remarked that neither party would recover costs. Not only this, but the record shows that the plaintiff made a motion for an order vacating the order made by the court dismissing said action, and asking the court to render judgment on the merits and file written findings of fact, which motion, as we have seen, the court denied. We do not think that any fair-minded person can say, in the face of this record, and in view of the order made by the court refusing to vacate or set aside the order of dis. missal, and refusing to make and file findings, that findings were waived.

The respondents urge that the court's order dismissing the action may be upheld for the reason that the description of the real property as contained in the contract is too uncertain to entitle the plaintiff to a decree of specific performance, and that therefore the complaint did not state a cause of action— which defect may be urged at any time. But in the case of *Carr* v. *Howell,* 154 Cal. 372, [97 Pac. 885], it was held that in such a case the description may be aided by evidence of extrinsic facts. Such evidence was introduced in the present case, and removed any uncertainty as to the lot of land sought to be recovered.

The judgment is reversed and the cause remanded for a new trial.

Lennon, P. J., and Hall, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 25, 1911.