[Civ. No. 4164. Third Appellate District.—February 26, 1931.]

BRUCE GOODMAN, Appellant, v. F. H. DAM, Respondent.

Fred M. Harter for Appellant.

F. H. Dam, *in pro. per.,* for Respondent.

MR. JUSTICE PLUMMER DELIVERED THE OPINION OF THE COURT.—The defendant had judgment in the trial court, and from this judgment the plaintiff appeals. The judgment went in favor of the defendant by reason of his plea of *res judicata.*

The complainant in this action seeks judgment against the defendant for and on account of an assigned claim from L. A. Dunning to the plaintiff, wherein and whereby it is claimed that the defendant was indebted to the plaintiff in the sum of $481.25, in consideration of certain work and labor performed, and money expended by said L. A. Dunning, in and about the repair and upkeep of certain tractors, discs, harrows and other equipment rented by the said L. A. Dunning to the said F. H. Dam. The defendant in this action pleaded a prior judgment involving the same cause of action. The complaint in the prior cause of action is in

the following words: "Defendant heretofore became indebted to Lew Dunning (assignor of plaintiff) upon an open account, for labor and materials sold and delivered, at the defendant's special instance and request, in the sum of $427.50.'' In the instant action the complaint alleges a payment in the sum of $53.75, which leaves the amount sued for in both actions exactly the same.

While several questions have been presented as to the sufficiency of the pleadings in this action, only one question really possesses sufficient merit to call for an expression of opinion herein, to wit: Whether the two causes of action are identical; that is, whether the basis of the two causes of action is the same, even though the complaints are couched in different allegations.

In the present action the complaint, without any ambiguity or concealment of the true cause of action, alleges that the amount claimed from the defendant is due for and on account of the rental of certain farming machinery. In the prior cause of action the complaint is so worded as not to express the real substance of the action, as it only sets forth that the account constituting the indebtedness is for labor and materials sold and delivered by Dunning to the defendant. In the present action the answer of the defendant pleads the previous action as a bar, and sets forth that the same questions were therein determined as are involved in the present action. Upon the trial of the instant action, there being no question as to the claim of the indebtedness being based upon an alleged rental of certain farming machinery, the only question tried by the court was as to what was really involved in the prior action. To determine this issue the court admitted the judgment-roll, and also the reporter's transcript of the testimony taken in the first action. From this testimony it appears without any conflict that while the complaint in the first action was worded as we have herein stated, the rental of the farm machinery was involved and was the basis of the suit. To show this, we have only to quote a short excerpt from the testimony, to wit: (Testimony of Dunning, the assignee of the plaintiff in both actions.) ''By Mr. Harter: Q. Now, state whether or not at any time you rented a tractor or farming machinery to F. H. Dam?

A. Yes, sir. Q. What kind of machinery was that, Mr. Dunning? A. 75 Best and disc. Q. How many 75's? A. Two 75's. Q. And any other equipment besides? A. Some discs, disc-harrows, they call them. Q. You say you never spoke to Mr. Dunning about this bill? A. No, sir. Q. You never sent Mr. Dam a bill for any work at all, did you? A. No, sir. Q. How many times were you present when he was working? A. I would say not less than five or six times. Q. And how long were you there on each of those five or six times? A. Not very long. Q. A few minutes? A. Yes, sir." We might quote additional testimony to the same effect, but it is sufficient to say that all of the testimony in the first case related to the alleged rental of the farming machinery mentioned in the complaint in this action. The findings were waived in the first action, but a review of the testimony shows that there was a failure of proof to establish the fact of the rental of the farming machinery to the defendant in that action, who is the defendant in this action.

At the trial of this action objection was made to the introduction of the judgment-roll, and also as to the introduction of the stenographic report of the testimony adduced at the prior action. The ruling of the court admitting such testimony is assigned as error.

In 34 C. J. 1074, we find the following: "In making good the plea of *res judicata* the evidence must necessarily vary with the nature of the issues presented in the first trial. The usual and appropriate manner of making this proof is to offer the judgment-roll and other parts of the record. But the inquiry is not limited to the mere formal judgment. It extends to the pleadings and other documents prepared and filed in the case, agreements of counsel on file, stenographic reports or minutes of the testimony taken, the evidence submitted, the respective contentions of the parties, the testimony of the judge and jurors who tried the case, the rulings and findings of the court, the court's charge or instructions to the jury, the verdict, the bill of exceptions or case prepared for appeal, the evidence that the parties alleged to have been estopped sought to amend their pleadings so as to have the question determined, but that the amendment was disallowed," etc. It is further held in

the same volume, page 1076, that parol evidence is admissible to identify the points or issues adjudicated in the former action, when the record thereof is silent or ambiguous on this point. In the present case the court did not allow an amendment of the pleadings in the first trial, but as it appears that the testimony was admitted showing the actual facts of the case and the merits of the controversy to be the same in both instances, no prejudice resulted by reason of the pleadings being allowed to remain, as they were in the first action so ambiguous as not to disclose the real merits of the contention.

In *Rauer* v. *Rynd*, 27 Cal. App. 556 [150 Pac. 780, 782], this court quoted·with approval the following from 23 Cyc. 1300, to wit: "The ·true test is identity of issues. If a particular point or question is in issue in the second action and the judgment will depend upon its determination, a former judgment between the same parties will be final and conclusive in the second, if that same point or question was in issue and adjudicated in the first suit, otherwise not." In the same action this court further said: "But the question is equally well settled that it does not appear from the record that the cause of action in the former suit was identical with that in the action in which it is pleaded in bar, this fact may be proved by evidence *aliunde.*" (Citing 23 Cyc. 1535.) "In *Gray* v. *Dougherty,* 25 Cal. 266, it is stated as follows: 'The issues passed on in a former suit may be ascertained by an inspection of the judgment roll; and if that fails to disclose all the facts necessary to a complete determination of the question, a resort may be had to extrinsic evidence.'" To the same effect is the case of *Horton* v. *Goodenough,* 184 Cal. 451 [194 Pac. 34]. On page 461, of 184 Cal., the authorities which we have cited relative to the rule of admitting extrinsic evidence will be found. Other cases might be cited but they all uphold the rule followed by the trial court in this cause in admitting the stenographic report of the evidence introduced at the prior action.

From this testimony only one conclusion can be reached: That the cause of action in both cases is identical, and that the plea of *res judicata* is good.

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 28, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 27, 1931.