[L. A. No. 19310. In Bank. May 7, 1946.]

EUGENE E. OLWELL et al., Appellants, v. W. L. HOP-
KINS et al., Respondents.

Norris Montgomery, Heaney, Price, Postel & Parma and Francis Price for Appellants.

Schauer, Ryon & McMahon, Julien F. Goux and Combs & Murphine for Respondents.

TRAYNOR, J.—Defendant W. L. Hopkins and Independent Brokerage Company, a Washington corporation, agreed orally in 1927 to carry on joint farming operations in Santa Barbara County. The corporation was dissolved in 1936, and its business and assets transferred to a partnership composed of Eugene E. Olwell and Murray M. Olwell, the plaintiffs in the present action, and Merritt Bloxom. In 1942 the partnership transferred its business and assets to plaintiffs. The joint farming operations were discontinued in 1937.

In January, 1941, plaintiffs and their partner brought an action against defendants in the Superior Court of Santa Barbara County. Defendants filed an answer and thereafter moved to dismiss the action on the ground that since Independent Brokerage Company had not qualified to do business in California when it entered into the contract upon which the action was based, the contract was void under the laws then in effect in this state. The motion was heard and both parties introduced documentary evidence. Defendants estab-

lished that up to December 1, 1942, the corporation had not qualified to do business in this state. The court dismissed the action without making any findings or conclusions of law, and its judgment became final.

The present action was begun in January, 1943, upon the same cause of action. In their complaint plaintiffs pleaded the contract entered into by defendant W. L. Hopkins and Independent Brokerage Company, alleged that defendant W. L. Hopkins fraudulently concealed certain facts connected with the joint operations under that contract and prayed that defendants be declared constructive trustees of certain real property for plaintiffs. They also sought an accounting and damages. The complaint took note of the filing and dismissal of the former action. The trial court sustained defendants' demurrer to the complaint without leave to amend and granted their motion to dismiss the action on the grounds that it was barred by the former judgment and that the contract upon which plaintiffs' cause of action depended was void. Plaintiffs appeal.

Plaintiffs contend that defendants' motion to dismiss the former action amounted to a mere plea in abatement and that the judgment rendered upon that plea was therefore not on the merits and cannot be res judicata in the present action.

█ Ordinarily a judgment of dismissal is not a judgment on the merits and therefore does not operate as a bar to another action on the same cause of action. This court has recognized, however, that a dismissal may follow an actual determination on the merits (*Goddard* v. *Security Title Ins. & Guar. Co.,* 14 Cal.2d 47, 53 [92 P.2d 804] ; see *Campanella* v. *Campanella,* 204 Cal. 515, 520 [269 P. 433] ; *Oakland* v. *Oakland Water Front Co.,* 118 Cal. 160, 223 [50 P. 277] ; *Moch* v. *Superior Court,* 39 Cal.App. 471, 475 [179 P. 440] ; *Saul* v. *Moscone,* 16 Cal.App. 506, 510 [118 P. 452]) as have courts in other jurisdictions. (See cases cited in 2 Freeman on Judgments (5th ed.) § 752.) In *Moch* v. *Superior Court, supra,* the court said at page 475: ''In considering . . . whether or not this judgment was an adjudication of the merits of the controversy, . . . the word 'dismissed' is not determinative. The cases are not rare wherein judgments or orders purporting to be merely 'dismissals' have been held to be final adjudications upon the merits. This question is to be determined, not on the basis of any single word or phrase used, but upon a consideration of the entire 'judgment,' together with the

pleadings and the findings. . . ." In *McMickens* v. *McMickens*, 220 Cal. 731, 734 [32 P.2d 597], consideration of the merits of the plaintiff's position was held to be foreclosed by the "judgment of dismissal" entered in a former action. The dismissal in that case may be distinguishable on the ground that it was entered upon the sustaining of a general demurrer without leave to amend, but the case nonetheless illustrates the fact that a judgment is not precluded from being a bar to a subsequent action merely because it is one of dismissal. Plaintiffs contend that the Code of Civil Procedure does not provide for the dismissal of actions decided upon the merits. The question is not, however, whether the trial court should have rendered a judgment other than of dismissal in the former action, but whether the judgment that it rendered was on the merits. An inquiry must therefore be made in the present case into the grounds supporting the judgment of dismissal in the former action.

■ At the hearing upon their motion to dismiss the present action, defendants introduced in evidence the record of the first action. It is clear from that record that the one issue passed upon by the trial court in dismissing the first action was that raised by defendants' contention that plaintiffs' cause of action was based upon a contract that was void. The defense thus interposed went to the merits of plaintiffs' cause of action. Defendants did not merely contend that plaintiffs had no capacity to sue or that they had started their action prematurely or in the wrong court or that that particular action was barred on account of some other technical defect. (See 15 Cal.Jur., Judgments, § 183; Rest., Judgments, § 49.) They raised an issue as to plaintiffs' right to recover under any circumstances upon their alleged cause of action and upon that issue the court rendered judgment against plaintiffs. ■ Plaintiffs point out that the trial judge stated in his memorandum opinion that the issue raised by defendants should be decided "before a trial is had upon the facts." A decision on the merits, however, is not necessarily a decision upon the facts. It is true that the court did not determine whether, assuming the validity of the contract relied upon by plaintiffs, they were entitled to damages, to an accounting, or to a declaration that defendants held certain property as constructive trustees. Such determination, however, was unnecessary since the court had just determined that plaintiffs were barred as a matter of law from any recovery.

In *Maryland C. Co.* v. *Superior Court*, 91 Cal.App. 356 [267 P.169], upon which plaintiffs rely, a writ of mandate was sought to force the dismissal by the superior court of an action brought upon a contract alleged to be void on the ground that the plaintiff corporation had not paid its license and franchise taxes. In denying the writ the court stated at page 359: ''No reason exists why an action should be dismissed instead of being decided upon its merits because the claim sued upon is founded upon a void contract.'' In the present case, however, the dismissal occurred after and not in lieu of a determination on the merits. In *Home Owners' Loan Corp.* v. *Gordon*, 36 Cal.App.2d 189, 192 [97 P.2d 845], the defense that the plaintiff corporation had not qualified to do business in this state was said to be a defense in abatement. In the present case, however, the contention that plaintiffs failed to comply with certain statutory provisions is raised not merely as a challenge to their right to sue in this state, an obvious defense in abatement, but as a challenge to the validity of the contract upon which they rely.

Plaintiffs contend that in the absence of findings, the former judgment alone may be resorted to for a determination of the issues concluded by that judgment and that, since it purports merely to dismiss the action without giving any grounds for such dismissal, it cannot be res judicata upon any issue of law or fact because a judgment must be held not to have been rendered on the merits when the grounds upon which it was rendered do not appear on its face. It is settled, however, that evidence is admissible to identify the issues adjudicated in a former action. (*Russell* v. *Place*, 94 U.S. 606, 608 [24 L.Ed. 214]; *Graves* v. *Hebbron*, 125 Cal. 400, 406 [58 P. 12]; *Gray* v. *Dougherty*, 25 Cal. 266, 272; *Johnston* v. *Ota*, 43 Cal.App.2d 94, 97 [110 P.2d 507]; *Goodman* v. *Dam*, 112 Cal.App. 244, 246 [296 P. 623]; see 30 Am.Jur. 998.) *McDuff* v. *McDuff*, 45 Cal.App. 53 [187 P. 37], upon which plaintiffs rely, is distinguishable. The cause of action sued upon in that case was not the same as that upon which the judgment alleged to be res judicata had been rendered, so that the judgment was conclusive only as to the issues actually raised and determined in the former action. (See 15 Cal.Jur., Judgments, § 189.) Since the record in that suit failed to disclose the ground upon which the judgment was based, that judgment was held not to conclude any issue raised in the second action.

■ A final judgment on the merits between parties who in law are the same operates as a bar to a subsequent action upon the same cause of action, settling not only every issue that was raised, but also every issue that might have been raised in the first action. (*Dobbins* v. *Title Guar. & Trust Co.,* 22 Cal.2d 64, 70 [136 P.2d 572]; *Panos* v. *Great Western Packing Co.,* 21 Cal.2d 636, 638 [134 P.2d 242], and cases cited therein; see 15 Cal.Jur., Judgments, § 189; 30 Am.Jur. 912; Rest., Judgments, § 63.) Thus, the former judgment being res judicata in the present action, plaintiffs' contention that their cause of action depends not upon any contract, but on the alleged fraudulent acquisition of their property by defendants cannot be considered. Since "an erroneous judgment is as conclusive as a correct one" (*Panos* v. *Great Western Packing Co., supra,* at p. 640), plaintiffs should have appealed from the former judgment, if in their opinion the court rendering that judgment misunderstood their cause of action or otherwise erroneously denied them recovery. Their contention that the doctrine of election of remedies would not prevent them from recovering in the present action is immaterial, for defendants do not rely on that doctrine but on that of res judicata.

■ Plaintiffs contend that the defense of res judicata cannot be raised on demurrer in the present action on the ground that the facts alleged in the complaint are not sufficient to support that defense. The complaint discloses the number and title of the former action and that it was brought against the same defendants and in the same court as the present action; that defendants answered plaintiffs' second amended complaint and subsequently moved to dismiss the action while plaintiffs moved for leave to file a third amended complaint; and that the court granted the motion of defendants and denied that of plaintiffs. There is no need to determine whether the demurrer can be sustained on the ground that the record of the former action was incorporated into the complaint by the reference to the title and number of that action, or that the court's refusal to allow plaintiffs to file a third amended complaint is consistent only with the conclusion that defendants had presented such an absolute defense on the merits that no amendment could possibly improve plaintiffs' position. Assuming that defendants should have raised the defense of res judicata by answer instead of by demurrer and motion to dismiss, the fact remains that to re-

verse the judgment on that ground would serve no useful purpose, since the record of the former action makes it clear that plaintiffs cannot overcome that defense.

Plaintiffs contend that under section 597 of the Code of Civil Procedure they were entitled to a trial of the issue of res judicata. That section provides: "When the answer pleads that the action is barred . . . by a prior judgment, . . . or sets up any other defense not involving the merits of the plaintiff's cause of action but constituting a bar or ground of abatement to the prosecution thereof, the court may, upon the motion of either party, proceed to the trial of such special defense . . . before the trial of any other issue in the case, and if the decision . . . upon any special defense so tried . . . is in favor of the defendant pleading the same, judgment for such defendant shall thereupon be entered and no trial of other issues in the action shall be had. . . ." Although the defense of res judicata in the present action was raised by demurrer and motion to dismiss and not by answer, it was tried at the hearing upon that motion as it would have been tried under the provisions of section 597. The evidence at a trial under that section would be the record of the former action, which was introduced at the hearing upon defendants' motion to dismiss, and since that trial would take place "before the trial of any other issue," plaintiffs would find themselves in exactly the same position as they are now.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., and Spence, J., concurred.

Schauer, J., did not participate.