990 F.2d 1256
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Howard BROWNING, Plaintiff-Appellant,
v.
Michael D. MARANS, Esq.; Leo J. Grizzaffi, Esq.; Fowlkes &
Associates Realty Warranty Escrow Co. Inc.;
William A. Dolan, Esq., Defendants-Appellees.
 No. 92-55854.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1993.*
Decided April 14, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Howard Browning appeals pro se the district court's dismissal with prejudice pursuant to Fed.R.Civ.P. 12(b)(6) of his RICO action challenging the disbursement, pursuant to state court order, of the proceeds from the sale of his house following his divorce. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's dismissal of an action pursuant to Rule 12(b)(6) for failure to state a claim. Oscar v. University Students Co-operative Ass'n, 965 F.2d 783, 785 (9th Cir.1992) (en banc). Review is limited to the contents of the complaint. Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Id. A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id.
 
 
 4
 The appellees[1] argue that dismissal of Browning's action was proper on the basis of res judicata. They contend that Browning is precluded from relitigating the issue of fraud in the disbursement of the proceeds from the sale of property because that issue was already decided in prior state court proceedings. We agree.
 
 
 5
 A California state court judgment is entitled to the same preclusive effect in federal district court as it would be accorded in a California court. Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 83 (1984); Los Angeles Branch NAACP v. Los Angeles Unified Sch. Dist., 750 F.2d 731, 736 (9th Cir.1984), cert. denied, 474 U.S. 919 (1985). In California, res judicata precludes the maintenance of a second suit between the same parties on the same cause of action if the first suit concluded in a final judgment on the merits. Los Angeles Branch NAACP, 750 F.2d at 737; Agarwal v. Johnson, 25 Cal.3d 932, 954, 160 Cal.Rptr. 141, 155, 603 P.2d 58, 72 (1979). "All issues that were litigated or that might have been litigated as part of the cause of action are barred." Los Angeles Branch NAACP, 750 F.2d at 737 (citing Olwell v. Hopkins, 28 Cal.2d 147, 152, 168 P.2d 972, 975 (1946)).
 
 
 6
 Pursuant to state court divorce proceedings between Browning and his wife, the family residence was sold and the proceeds of $150,000 were split evenly between the parties after deducting certain fees and costs of the sale. From the approximately $62,000 due Browning from the sale of the residence and as part of the divorce proceedings, the state court deducted approximately $50,000 owed by Browning to his wife, his wife's attorney, the Internal Revenue Service, and the Franchise Tax Board, leaving approximately $12,000 which was paid to Browning.
 
 
 7
 Dissatisfied with the amount he received from the sale of the residence, Browning pursued three separate actions in state court against the present appellees alleging fraud, misrepresentation, and emotional distress. In the third of these actions, the state appellate court affirmed the lower court's summary judgment for the appellees, concluding that $50,000 was properly deducted from Browning's share of the proceeds pursuant to court order for Browning's outstanding debts incident to the divorce proceedings.
 
 
 8
 Here, Browning seeks simply to relitigate his claims of fraud under the guise of a RICO action. Even if Browning's claims of RICO violations have independent merit, he could have brought these claims in state court because California and the Ninth Circuit have recognized concurrent jurisdiction over RICO claims. See Lou v. Belzburg, 834 F.2d 730, 735 (9th Cir.1987), cert. denied, 485 U.S. 993 (1988); Cianci v. Superior Court, 40 Cal.3d 903, 908, 221 Cal.Rptr. 575, 576, 710 P.2d 375, 376 (1985). The present action arose out of the same set of facts as did the state court action and the parties are the same. The present action also seeks the return of the same funds alleged in state court to have been fraudulently withheld from Browning. Thus, the state court judgment bars relitigation of the facts underlying the alleged RICO activity. See Los Angeles Branch NAACP, 750 F.2d at 737. Accordingly, the district court did not err by dismissing Browning's action for failure to state a claim.[2]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The appellees in this case are Browning's attorney in the state court divorce proceedings, Browning's former wife's attorney in those proceedings, the escrow company involved in the sale of the property at issue in the divorce proceedings, and the escrow company's attorney
 
 
 [2]
 Browning argues that the district court erred by dismissing his action without giving him an opportunity to amend his complaint. Because it is absolutely clear, however, that the deficiencies in Browning's complaint could not be cured by amendment, there was no error. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988)