15 F.3d 1089
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Ricardo M. SOMOZA, Plaintiff-Appellant,
v.
Charles D. MARSHALL, Warden, Defendant-Appellee.
 No. 93-16160.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 4, 1994.*
Decided Jan. 12, 1994.
 
 Before: REINHARDT, O'SCANNLAIN, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ricardo M. Somoza, a California state prisoner, appeals pro se the district court's dismissal of his civil rights action as frivolous under 28 U.S.C. Sec. 1915(d). We have jurisdiction under 28 U.S.C. Sec. 1291. We review for abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), and affirm.
 
 
 3
 Somoza's complaint, filed as a petition for writ of habeas corpus, alleged that officials at Pelican Bay State Prison violated his eighth and fourteenth amendment rights by placing him in the general population with prisoners who are hostile toward him, despite his documented need for protective custody. Somoza alleged he was forced to assault a fellow inmate so that he would be "locked up" for his own safety. He sought transfer to another facility with protective custody housing and rescission of the disciplinary action taken in response to the assault.
 
 
 4
 The district court construed Somoza's petition as a complaint under 42 U.S.C. Sec. 1983, and sua sponte dismissed it under section 1915(d) because Somoza litigated the same claims against the same party in a state habeas proceeding, Somoza v. Marshall, No. 92-314-X, slip op. at 1 (Cal.Super.Ct. Nov. 17, 1992).
 
 
 5
 A petition for writ of habeas corpus that challenges living conditions and disciplinary measures may be construed as a section 1983 complaint. Wilwording v. Swenson, 404 U.S. 249, 251 (1971). The district court may sua sponte dismiss the action as frivolous when a previous judgment precludes relitigation of the same issues. Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir.1984).
 
 
 6
 A state habeas judgment is res judicata in a section 1983 action when state law would give the judgment preclusive effect. Migra v. Warren City School Dist., 465 U.S. 75, 81 (1984); Piatt v. MacDougall, 773 F.2d 1032, 1034-35 (9th Cir.1985) (en banc). In California, a final judgment is res judicata if it is intended to dispose of the merits of a claim. Olwell v. Hopkins, 28 Cal.2d 147, 149-50 (1946) (in bank).
 
 
 7
 The record in this case demonstrates that Somoza raised the same issues and sought the same relief against the same party in his state habeas petition, which was denied on the merits.[1] In fact, he framed his complaint below as a request for review of the state court's decision. In these circumstances, the district court correctly dismissed the action as frivolous based on the doctrine of res judicata. See Piatt, 773 F.2d at 1034-35; Franklin, 745 F.2d at 1230; Olwell, 28 Cal.2d at 149-50.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Johnson's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The California Superior Court denied Somoza's petition on November 17, 1992, for failure to show an abuse of administrative discretion in his housing assignment. The California Court of Appeal affirmed on December 9, 1992, and the California Supreme Court denied review on February 10, 1993