**TRANS WORLD AIRLINES, INC.,**
**Plaintiff,**

v.

**Howard R. HUGHES, et al., Defendants.**

**No. 61 Civ. 2324.**

United States District Court,
S. D. New York.

May 23, 1973.

Cahill, Gordon, Sonnett, Reindel & Ohl, New York City, for plaintiff; Dudley B. Tenney, Paul W. Williams, Marshall H. Cox, Jr., New York City, of counsel.

Chester C. Davis, New York City, for defendants.

METZNER, District Judge:

The plaintiff seeks to enter a judgment in this action on remand from the Supreme Court which would have the effect of amending the mandate of the Court.

The litigation has lasted for twelve years and is fully discussed in many reported opinions. Insofar as the instant problem is concerned, the pertinent facts may be briefly stated.

On February 7, 1963, this court denied the defendants' motion to dismiss the complaint. D.C. 214 F.Supp. 106. The order was affirmed by the Court of Appeals on June 2, 1964. 2 Cir., 332 F. 2d 602. The Supreme Court originally granted certiorari, 379 U.S. 912, 85 S.Ct. 261, 13 L.Ed.2d 184, but after argument dismissed the writ as improvidently granted. 380 U.S. 248, 85 S.Ct. 934, 13 L.Ed.2d 817 (1965).

The inquest ordered on defendant Hughes' default then proceeded and on December 23, 1969 this court filed its opinion confirming the report of the special master awarding damages amounting to $137,611,435.95. 308 F. Supp. 679. Judgment was thereafter entered, and on September 1, 1971 the Court of Appeals affirmed the judgment. 2 Cir., 449 F.2d 51. On January 10, 1973 the Supreme Court reversed the judgment holding the transactions in question to be immune from the antitrust laws, that primary jurisdiction lies in the Civil Aeronautics Board, and that the complaint in this action be dismissed, 409 U.S. 363, 93 S.Ct. 647, 34 L. Ed.2d 577 (1973).

The mandate issued from the Supreme Court directed that the judgment of the Court of Appeals be reversed and the cause "remanded to the United States Court of Appeals for the Second Circuit for further proceedings in conformity with the opinion of this Court." The Second Circuit then issued its mandate which directed that the "action is remanded to said district court for further proceedings in conformity with the opinion of the Supreme Court of the United States . . . ."

The opinion of the Supreme Court stated explicitly that the complaint must be dismissed. Plaintiff desires this court to enter a judgment dismissing the complaint without prejudice to its non-

federal claims of breach of fiduciary duty. The complaint consisted of two claims for violation of the federal antitrust laws and a pendent state claim for tortious interference with the business of TWA based on the same facts as set forth in the first and second claims. The latter, however, is not the state claim that TWA is interested in.

An action seeking relief for breach of fiduciary duty was instituted in the Chancery Court of Delaware in 1962 and has been held in abeyance pending determination of TWA's claim of violation of the antitrust laws. In other words, having failed to obtain treble damages, TWA now seeks to be free to pursue its remedy to recover single damages on the same facts.

TWA is of the opinion that a judgment dismissing the complaint in this court might be held to be a dismissal on the merits, pursuant to Fed.R.Civ.P. 41(b), and thus a bar to the continued prosecution of the state court action. It urges that if it had asserted the state court claim as pendent to the antitrust claims, the dismissal of the latter would have been without prejudice to the pendent claim. *See* United Mine Workers of America v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); Calderone . Enterprises Corp. v. United Artists Theatre Circuit, 454 F.2d 1292 (2d Cir. 1971), cert. denied, 406 U.S. 930, 92 S.Ct. 1776, 32 L.Ed.2d 132 (1972); O'Neill v. Maytag, 339 F.2d 764, 766 n. 3 (2d Cir. 1964). Finally, it argues that the Court was only concerned with the question of jurisdiction of the asserted federal claims and never intended that any state claims be foreclosed. At this point I should indicate that while the decisions speak in terms of "jurisdiction," they properly should cast the issue in terms of "failure to state a claim." Danna v. Air France, 463 F.2d 407, 408 n. 4 (2d Cir. 1972).

It is clear that under Rule 41(b) a dismissal of the complaint, certainly as far as the federal claims are concerned, would be upon the merits. However, it does not follow that such a dismissal would be a bar to the nonfederal claims. In the *Calderone* case, *supra*, the complaint alleged federal claims and pendent state claims. The federal claims were dismissed on motion for failure to state a claim. The court pointed out that this action did not leave the plaintiff without remedy:

> "Since the federally-based claims were properly dismissed prior to trial, however, the pendent state claims must also be dismissed and the plaintiff relegated to the state courts for relief." 454 F.2d at 1297.

Interestingly enough, the order entered in that case did not dismiss the pendent claims without prejudice. I gather from this that such a safeguard is not necessary to protect whatever rights plaintiff may have in this regard. It might also be argued that, standing alone, the court is without jurisdiction of the state claims and thus the dismissal is for lack of subject matter jurisdiction which is not on the merits under Rule 41(b).

Finally, a reading of the Supreme Court opinion clearly indicates the issue that was before the Court if a claim is ever made in the state court that the judgment to be entered here is a bar to that action.

This court is obviously reluctant to amend the mandate of the Supreme Court, especially when there is doubt that such action is necessary to protect the interests of the parties. Furthermore, the authority relied on by plaintiff to justify its request, In re Sanford Fork and Tool Company, 160 U.S. 247, 255–256, 16 S.Ct. 291, 40 L.Ed. 414 (1895), is not in point. While the Court there indicates that the lower court may consider and decide any matters left open by the mandate, it expressly states that the court cannot vary it, "even for apparent error, upon any matter decided on appeal; . . ." The mandate in this case clearly calls for a dismissal of the complaint and this court must enter such a judgment.