**Gustave D. TOENSING et al.,
Plaintiffs-Appellants,**

v.

**E. A. BROWN et al.,
Defendants-Appellees.**

**No. 74–2144.**

United States Court of Appeals,
Ninth Circuit.

Dec. 29, 1975.

Ralph M. Segura (argued), Beserra & Segura, Concord, Cal., for plaintiffs-appellants.

Thomas E. Stanton, Jr. (argued), Johnson & Stanton, San Francisco, Cal., for defendants-appellees.

## OPINION

Before BROWNING and CHOY, Circuit Judges, and SKOPIL *, District Judge.

SKOPIL, District Judge:

Plaintiffs are retired carpenters and beneficiaries under the Carpenters Pension Trust Fund for Northern California (Fund). Defendants are the Fund's trustees. The Fund, which was established in 1958, is subject to the provisions of § 302 of the Labor Management Relations Act of 1947, 29 U.S.C. § 186.

In the first count of their complaint, plaintiffs accuse the trustees of having violated their duty under 29 U.S.C. § 186(c)(5), which requires that payments to such a trust fund be made "for the sole and exclusive benefit of the employ-

ees". Specifically, plaintiffs attack as arbitrary and capricious the trustees' decision to award a larger increase in pension benefits to active carpenters than to those retired before July 1, 1971. Plaintiffs assert that the trustees acted improperly in adopting the differential in benefits recommended by the collective bargaining parties. The second count of the complaint sets forth a pendent state claim charging that the trustees violated their fiduciary duties.

The district court granted defendants' motion for summary judgment on the federal claim and dismissed the pendent state claim. *Toensing v. Brown*, 374 F.Supp. 191 (N.D.Cal.1974). Plaintiffs appeal.

■ Awarding a larger increase in pension benefits to active employees than to retirees does not of itself constitute a violation of the duty of trustees under § 302 of the Labor Management Relations Act. As pointed out in *Jensen v. Garvison*, 274 F.Supp. 866, 869 (D.Or. 1967),

"Neither the statute, nor the case law, requires that coverage for each classification should be precisely the same."

Thus, plaintiffs are not entitled to relief merely because the trustees adopted unequal benefits for carpenters retiring before and after July 1, 1971.

Plaintiffs raise a more substantial question, however, with respect to the manner in which the trustees arrived at their decision to award such benefits. The increase in benefits adopted by the trustees was recommended by the collective bargaining parties. Plaintiffs claim that the trustees, in adopting that recommendation, failed to exercise their independent judgment. Two of the trustees in fact seemed to indicate in their depositions that they considered the recommendation of the collective bargaining parties to be "binding" or "obligatory" if actuarially sound. *Toensing v. Brown*, 374 F.Supp. at 200–201 n. 14.

---

* Honorable Otto R. Skopil, Jr., United States District Judge for the District of Oregon, sitting by designation.

■ The collective bargaining parties acted properly in recommending varying benefit increases for active and retired carpenters. Retirement benefits for active employees are a mandatory subject for collective bargaining. *Allied Chemical & Alkali Workers, Local 1 v. Pittsburgh Plate Glass Co.,* 404 U.S. 157, 92 S.Ct. 383, 30 L.Ed.2d 341 (1971). The union is not required to negotiate additional benefits for retirees, but it may do so. 404 U.S. at 171 n. 11 and 181 n. 20, 92 S.Ct. 383. If the union does undertake to represent retirees, its duty of fair representation requires that their vested retirement rights not be disturbed:

"This does not mean that when a union bargains for retirees—which nothing in this opinion precludes if the employer agrees—the retirees are without protection. Under established contract principles, vested retirement rights may not be altered without the pensioner's consent. The retiree, moreover, would have a federal remedy under § 301 of the Labor Management Relations Act for breach of contract if his benefits were unilaterally changed." 404 U.S. at 181 n. 20, 92 S.Ct. at 398. [citations omitted].

The union's duty of fair representation does not require that benefits for retirees be absolutely equal with those for active employees. 404 U.S. at 173 n. 12, 92 S.Ct. 383.

■ The trustees acted properly in considering the benefit increases recommended by the collective bargaining parties. Indeed, they would have violated their fiduciary duty had they ignored information pertinent to effective administration of the Fund.

■ Adoption of the recommended increases was likewise proper. The trustees had considered a differential in increases as early as 1962 and had in fact adopted a larger increase for active employees than for retirees in 1969. The actuarial soundness of the increases in question is not seriously disputed. The decision to award varying benefit increases clearly cannot be characterized as arbitrary and capricious, which is the standard of review for trustees' decisions. *Lee v. Nesbitt,* 453 F.2d 1309, 1311 (9th Cir. 1972); *Roark v. Lewis,* 130 U.S.App.D.C. 360, 401 F.2d 425, 426–427 (1968). We agree with the district court that that standard

"is not met by merely showing that the trustees adopted the recommendation of the collective-bargaining parties. The trustees have a wide discretion in determining what action would be in the best interests of the beneficiaries." 374 F.Supp. at 198.

■ We wish to emphasize, however, that trustees have a duty to exercise their independent judgment in administering trust funds established under § 302 of the Labor Management Relations Act. Recommendations of collective bargaining parties may be adopted by the trustees in the exercise of their discretion, but such recommendations are not binding or obligatory. Although two of the trustees may have had a misconception about the weight to be accorded to recommendations of the collective bargaining parties, ten of the fourteen trustees voted on the planned increases, and the vote in favor was unanimous. No other evidence suggested that the remaining trustees failed to exercise independent judgment. The action of the trustees must be upheld because it was not arbitrary or capricious.

■ The district court properly granted summary judgment for defendants. Upon dismissal of the federal claim before trial, a proper exercise of discretion required dismissal of the pendent state claim. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

The judgment of the district court is affirmed.