**REA EXPRESS, INC., on its own behalf and on behalf of certain of its former employees now retired, Appellant,**

v.

**The TRAVELERS INSURANCE COMPANY et al.**

No. 76–1450.

United States Court of Appeals, District of Columbia Circuit.

Argued March 29, 1977.

Decided April 21, 1977.

Arthur M. Wisehart, New York City, with whom S. Chesterfield Oppenheim, Washington, D. C., was on the brief, for appellant. Frederic L. Wood, Washington, D. C., also entered an appearance for appellant.

Edwin M. Zimmerman, Washington, D. C., with whom William D. Iverson, Washington, D. C., was on the brief, for railroad appellees The Atchison, Topeka & Santa Fe Ry. Co. *et al.*; also argued on behalf of all other appellees.

Michael M. Maney, William Piel, Jr., and Mark I. Fishman, New York City, were on the brief for appellee The Travelers Ins. Co.

Francis M. Shea, Richard T. Conway, and John D. Aldock, Washington, D. C., were on the brief for appellees National Railway Labor Conference and Eastern Carriers Conference Committee.

Before BAZELON, Chief Judge, and WRIGHT and ROBB, Circuit Judges.

PER CURIAM:

The background and facts relating to this case are adequately stated in the opinion of the District Court, *see REA Express, Inc. v. Travelers Ins. Co.*, 406 F.Supp. 1389 (D.D.C. 1976), so we shall not repeat them here. We agree with that opinion insofar as it holds that appellant's federal claims are foreclosed by *Bangor Punta Operations,* *Inc. v. Bangor & Aroostook R. Co.*, 417 U.S. 703, 94 S.Ct. 2578, 41 L.Ed.2d 418 (1974). Consequently, we affirm that part of the District Court's judgment which dismissed those claims with prejudice.

■ The District Court also dismissed appellant's pendent state claims with prejudice on the basis that Delaware law would govern and that Delaware precedents conformed to the doctrine adopted in *Bangor Punta. See* 406 F.Supp. at 1394. However, the issues involved in this case are novel and the trial court found them "troubling." *Id.* at 1395. In these circumstances, the admonition of the Supreme Court in *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), should have been followed:

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

*Id.* at 726, 86 S.Ct. at 1139 (footnotes omitted). Following *Gibbs*, we affirm the dismissal of appellant's state claims, but require their dismissal to be without prejudice.[1]

It is our view that the insurance claims[2] of former employees of appellant are not part of this litigation, so nothing herein or in the District Court's opinion should be read as affecting those claims. Nor are the claims of creditors of the bankrupt appellant before this court.[3] Consequently any claims they may have against appellees herein also remain unaffected by our judgment and the judgment of the District Court.

*So ordered.*

---

1. Appellant agrees that the state claims should be dismissed if we affirm the District Court's disposition of the federal claims. It only contests the dismissal with prejudice.

2. *See* 406 F.Supp. at 1392 & 1395.

3. *See id.* at 1395.