[No. A048485. First Dist., Div. Three. Sept. 25, 1990.]

FLOYD KOCH et al., Plaintiffs and Appellants, v.
EDWARD HANKINS et al., Defendants and Respondents.

### COUNSEL

Wilson, Ryan & Campilongo, Andrew H. Wilson and Stuart A. Knowles for Plaintiffs and Appellants.

Montie S. Day, Jon R. Vaught and Cynthis Beier Prada for Defendants and Respondents.

### OPINION

**WHITE, P. J.**—In this action we consider whether the dismissal of a federal securities fraud action, on the basis that the investments were not securities, bars a subsequent state court action for common law fraud and legal malpractice. We hold that the federal court's summary adjudication did not bar the state claims.

### PROCEDURAL HISTORY[1]

On May 20, 1988, plaintiffs filed a complaint in the United States District Court, Northern District of California. The allegations of the complaint were based on a nucleus of facts involving the fraudulent acquisition, subdivision and resale of property in Arizona to plaintiffs. The federal action alleged that the sales of partnership interests to plaintiffs violated section 10(b) of the Securities and Exchange Act of 1934 and rule 10b-5 thereunder. Plaintiffs also asked the court to exercise pendent jurisdiction over various state law claims.

---

[1] Pursuant to California Rules of Court, rule 5.1, the parties have elected to proceed on appeal with appendices in lieu of a clerk's transcript. Since the appendices omit certain documents critical to the procedural history of this action, this court has taken judicial notice of certified judicial records in related cases. (Evid. Code, § 452, subd. (d).)

On August 22, 1988, the federal court dismissed plaintiffs' pendent claims without prejudice to their being refiled in state court. The court retained jurisdiction over the claim predicated on federal securities law.

Plaintiffs filed the present case in state court against some of the defendants who were named in the federal action.[2] The complaint alleged causes of action for fraud and legal malpractice against defendants, all of whom had been named defendants in the federal action.[3]

Sometime thereafter, the United States District Court granted summary judgment in favor of defendants on the grounds that plaintiffs had not purchased securities. Defendants demurred to plaintiffs' first amended complaint in state court on the grounds that all plaintiffs' causes of action were conclusively barred by the doctrine of res judicata. The court sustained defendants' demurrer, based on the federal court's summary judgment. The court made no ruling on the res judicata effect of the summary judgment in Koch et al. v. Rodlin Enterprises, Inc., et al. (See fn. 2, *ante*.) This appeal followed.

## DISCUSSION

█ The basic res judicata principles pertinent to this appeal are set forth in *Merry* v. *Coast Community College Dist.* (1979) 97 Cal.App.3d 214 [158 Cal.Rptr. 603]: "The two aspects of the res judicata effect of a final judgment on the merits are: (1) The judgment bars the parties (or those in privity with them) from litigating the same cause of action in a subsequent proceeding and (2) the parties (or those in privity with them) are collaterally estopped from litigating in a subsequent proceeding on a different cause of action any issue actually litigated and determined in the former proceeding. [Citations.] The res judicata aspect which bars relitigation of the same cause of action precludes piecemeal litigation by splitting a single cause of action. [Citations.] It also precludes relitigation of the same cause of action on a different legal theory or for different relief. [Citations.] The prior final judgment on the merits settles issues which were not only actually litigated but every issue that might have been raised and litigated in the first action. [Citations.]" (*Id.*, at pp. 221-222.)

---

[2] On October 7, 1988, plaintiffs filed a separate complaint in state court against the remaining defendants who were named in the federal action. (Koch et al. v. Rodlin Enterprises, Inc., et al. (Super. Ct. Alameda County, 1988, No. H-136850-7).) The complaint alleged that the defendants had created and sold subdivision land in violation of California's Subdivision Map Act (Gov. Code, §§ 66410-66499.37) and prayed for rescission and damages. Summary judgment in favor of the defendants was entered in that action.█

[3] Plaintiffs' original complaint against defendants is not part of the record on appeal. However, the first amended complaint is dated August 1, 1989.

■ When a prior judgment is rendered by a federal court, it must be given the same effect by state courts that it would have in federal court. (*Merry, supra,* 97 Cal.App.3d at p. 222.) In addition, principles governing the federal court's power over nonfederal claims come into play in determining the preclusive effect of the judgment in a subsequent state court action on the state claims. (*Ibid.*)

■ "A federal court has the power to exercise pendent jurisdiction over state claims where the federal claim is sufficient to confer subject matter jurisdiction and the state and federal claims 'derive from a common nucleus of operative fact.' [Citation.] If, disregarding their federal or state character, 'plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues there is *power* in federal courts to hear the whole.' [Citation.] Exercise of pendent jurisdiction, however, is not a matter of plaintiff's right; it rests in the discretion of the court. [Citation.] *Gibbs*[4] cautioned: 'Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well. Similarly, if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals.' [Citation.]" (*Merry, supra,* 97 Cal.App.3d at pp. 222-223, italics in original, fn. omitted.)

In *Merry,* the plaintiff filed an action in federal court under the Civil Rights Act, the Fifth and Fourteenth Amendments and article I, section 8, clause 8 of the United States Constitution. A summary judgment was granted in favor of the defendants, the court finding no genuine issues of material fact and concluding that the complaint did not state a federal cause of action. During the pendency of the federal action, the plaintiff had filed an action in state court, alleging substantially the same facts alleged in the federal action. The trial court sustained the defendants' demurrer on the grounds that the action was barred under the doctrine of res judicata by reason of the judgment in federal court.

The Court of Appeal reversed. The court reasoned that if the plaintiff had raised his state claims in the federal action, they would clearly have been dismissed without prejudice. Since the federal claim was insubstantial and

---

[4]*Mine Workers* v. *Gibbs* (1966) 383 U.S. 715, 726-727 [16 L.Ed.2d 218, 228, 86 S.Ct. 1130].

called for a summary pretrial disposition, a subsequent trial on the state claims was not barred by the judgment. (*Merry, supra*, 97 Cal.App.3d at pp. 225-231.)

*Mattson* v. *City of Costa Mesa* (1980) 106 Cal.App.3d 441 [164 Cal.Rptr. 913], the case on which the trial court principally relied in reaching its decision, involved a different procedural history. In *Mattson*, the plaintiff filed a complaint in federal court, averring violation of his civil rights. The complaint also requested the federal court to take pendent jurisdiction of a nonfederal claim of negligence based on the same facts. After the federal court denied the plaintiff's request to take pendent jurisdiction of the state law claim, the plaintiff filed a complaint in state court, alleging the same facts as he had alleged in the federal action. However, the state complaint was not served on the defendants for two years. Following an adverse jury verdict in the federal action, the plaintiff served the defendants in the state action. The defendants' demurrer on the ground that the state action was barred by res judicata was sustained by the trial court and a judgment of dismissal was entered.

On appeal the judgment was affirmed. The court reasoned that, "[t]he initial choice by the plaintiff to file suit in federal court will not necessarily result in splitting his cause of action, because the federal court may well exercise pendent jurisdiction over the nonfederal claim. However, when the federal court has been requested to and has declined to exercise pendent jurisdiction over the nonfederal claim, the plaintiff is presented with a new choice. He may proceed to trial on the federal claim or, usually, he may elect to dismiss the federal claim without prejudice [citation] and litigate both claims in the state court [citations]. Once it is known that the federal court will not exercise pendent jurisdiction over the state claim, plaintiff's proceeding to trial in the federal court on the federal claim alone will necessarily result in splitting the plaintiff's cause of action, and that fact should be apparent to the plaintiff.

"In such circumstances the rule that would best accommodate the rights of the plaintiff to fully litigate his claim and to invoke the jurisdiction of the federal court and the right of the defendant, the courts and the public to be free of multiple litigation of the same cause of action, is that once the federal court has declined to exercise pendent jurisdiction over the state claim, if the plaintiff then elects to proceed to trial and judgment in the federal court, his entire cause of action is either merged in or barred by the federal court judgment so that he may not thereafter maintain a second suit on the same cause of action in a state court." (*Mattson, supra*, 106 Cal.App.3d at pp. 454-455.)

 *Mattson* differs from the instant action in two significant ways. First, the federal claim was fully adjudicated in trial. The *Mattson* court explicitly distinguished that case from *Merry* where, as here, there was merely a summary judgment in federal court. (See *Mattson, supra*, 106 Cal.App.3d at pp. 453-454; see also *Craig* v. *County of Los Angeles* (1990) 221 Cal.App.3d 1294, 1299-1301 [271 Cal.Rptr. 82] [federal court's summary adjudication plus refusal to exercise pendent jurisdiction does not bar state claims].) Second, in contrast to *Mattson*, where the federal civil rights claim could be brought in state court, plaintiffs were unable to bring a claim under section 10(b) of the Securities and Exchange Act of 1934 in state court, since federal courts have exclusive jurisdiction over that claim. (15 U.S.C. § 78aa.)

In resolving the present dispute we look to the Restatement Second of Judgments section 25, comment e for guidance: "A given claim may find support in theories or grounds arising from both state and federal law. When the plaintiff brings an action on the claim in a court, either state or federal, in which there is no jurisdictional obstacle to his advancing both theories or grounds, but he presents only one of them, and judgment is entered with respect to it, he may not maintain a second action in which he tenders the other theory or ground. If however, the court in the first action would clearly not have had jurisdiction to entertain the omitted theory or ground (or, having jurisdiction, would clearly have declined to exercise it as a matter of discretion), then a second action in a competent court presenting the omitted theory or ground should be held not precluded."

Here, plaintiffs could not bring their 10b-5 action in state court, since that court lacked jurisdiction to hear the claim.[5] Thus, they filed their claim in federal court and asked the federal court to exercise pendent jurisdiction over the state law claims. After the federal court declined to exercise pendent jurisdiction, trial of the state claims in a state court was not precluded.

Had dispositive factual questions actually been litigated in the federal securities action, plaintiffs would be collaterally estopped from relitigating those questions in a subsequent state action. (*Mattson, supra*, 106 Cal.App.3d at p. 445; *Merry, supra*, 97 Cal.App.3d at p. 221.) However, since the federal court merely determined that plaintiffs' partnership interests were not securities under the Securities and Exchange Act, the federal judgment is not res judicata of plaintiffs' state claims.

---

[5] Consequently, a state judgment would not have a preclusive effect on a federal securities claim. (See, e.g., *Marrese* v. *American Academy of Ortho. Surgeons* (1985) 470 U.S. 373, 382 [84 L.Ed.2d 274, 282-283, 105 S.Ct. 1327]; *Eichman* v. *Fotomat Corp.* (9th Cir. 1985) 759 F.2d 1434, 1437.)

The judgment is reversed. Costs are awarded to plaintiffs.

Merrill, J., and Strankman, J., concurred.

Respondents' petition for review by the Supreme Court was denied December 19, 1990.