977 F.2d 589
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Warren L. HENDRICKSON; Martha A. Hendrickson, Plaintiffs-Appellants,
v.
COUNTY OF AMADOR; Amador County Board of Supervisors, E.
Tom Bambert; John C. Begovich; Gale Cuneo; Timothy
Davenport; Steve Martin; John Hahn; Patrick Keene; Don
F. Howard; Amador County Sheriff's Office, Bachoe Operator
Doe; Amador Sanitation Department, Mike Doe, employee;
James McClenahan; Eugene Reade, Defendants-Appellees.
 No. 91-16273.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Sept. 30, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Warren and Martha Hendrickson appeal pro se the district court's dismissal of their civil rights action against the County of Amador ("County") on the grounds of res judicata. We review de novo the district court's dismissal on res judicata grounds. Guild Wineries & Distilleries v. Whitehall Co., 853 F.2d 755, 758 (9th Cir.1988). We affirm.
 
 
 3
 * Background
 
 
 4
 In 1988, the County brought an abatement action against the Hendricksons in Amador County Superior Court for the removal of an allegedly illegally installed sewer system. The Superior Court found that the Hendricksons' sewer system had not been installed in accordance with County ordinances, that it constituted a public nuisance, and that consequently, the County could remove the system from the Hendricksons' property.
 
 
 5
 Subsequently, the Hendricksons brought this action in district court alleging that the County violated their due process rights by (1) failing to abide by the administrative process in denying them permission to build the sewer system, (2) improperly bringing the abatement action, and (3) illegally removing the sewer system from their property. They also alleged that the superior court judgment failed to "fairly and impartially determine" the Hendricksons' constitutional claims and defenses. The district court found that the Hendricksons' claim was barred by res judicata and that it lacked jurisdiction to review the state court proceeding.
 
 II
 Merits
 
 6
 A. Application of Res Judicata (Claim Preclusion)
 
 
 7
 Issues that were litigated in a state court proceeding are entitled to the same preclusive effect in a subsequent federal civil rights suit as they enjoy in the courts of the state where the judgment was rendered. Allen v. McCurry, 449 U.S. 90, 96 (1980); Ayers v. City of Richmond, 895 F.2d 1267, 1270 (9th Cir.1990). Under California law, res judicata precludes a plaintiff from litigating a claim if the claim relates to the same "primary right" as a claim in a prior action, the prior judgment was final and on the merits, and the plaintiff was a party to the prior action. Trujillo v. County of Santa Clara, 775 F.2d 1359, 1366 (9th Cir.1985). A final judgment on the merits bars relitigation of all issues that were actually litigated as well as all issues that might have been litigated as part of the cause of action. Merry v. Coast County Community College Dist., 158 Cal.Rptr. 603, 609 (Cal.Ct.App.1979). Accordingly, a federal district court is precluded from considering federal constitutional issues which were not, but which could have been submitted to and determined in by the state court. Angle v. Bullington, 330 U.S. 183, 193 (1947).
 
 
 8
 Here, the Hendricksons are seeking to litigate the propriety of the administrative process that resulted in the denial of their sewer line permit and the county's allegedly illegal actions in seeking an abatement action against them. The propriety of the administrative process, however, and the county's alleged violation of the Hendricksons' constitutional rights are issues that either have been or could have been litigated in the state court abatement action. See Angle, 330 U.S. at 193. Accordingly, the district court properly dismissed the action on res judicata grounds.[1] See id.
 
 
 9
 B. Federal Review of the State Court Proceedings
 
 
 10
 Although the Hendricksons concede that the matters presented in their federal complaint had been brought "to the attention of the state court," they contend that "such matters were not fairly and impartially determined." Thus, the Hendricksons appear to be seeking federal review of a state court judgment based on alleged constitutional violations in the state court proceedings.
 
 
 11
 A United States district court "has no authority to review the final determinations of a state court in judicial proceedings." Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir.1986). The proper place to seek such review is the United States Supreme Court. 28 U.S.C. § 1257; McNair, 805 F.2d at 890. "This doctrine applies even when the challenge to the state court decision involves federal constitutional issues." McNair, 805 F.2d at 891.
 
 
 12
 Accordingly, to the extent that the Hendricksons seek review of the adequacy or constitutionality of the state court proceedings, this court lacks jurisdiction to consider the action. See id.
 
 C. Sanctions
 
 13
 The defendants have requested sanctions on appeal pursuant to Rule 38 of the Federal Rules of Appellate Procedure. "We reserve the imposition of sanctions against a pro se plaintiff for those cases which demonstrate the most egregious abuses." See Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1036-37 (9th Cir.1985), cert. denied, 476 U.S. 1183 (1986). Here, because the Hendricksons are appealing pro se and it does not appear that they have committed any "egregious abuses," we deny the defendants' motion for sanctions.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Hendricksons contend for the first time on appeal, that res judicata does not bar their action because the state court judgment was procured by fraud. We generally do not consider an issue raised the first time on appeal unless it falls into one of three narrow exceptions: (1) there are "exceptional circumstances" why the issues was not raised in the trial court, (2) the new issue arises while the appeal is pending because of a change in the law, or (3) the issue presented is purely one of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court. United States v. Carlson, 900 F.2d 1346, 1349 (9th Cir.1990). None of these exceptions appear to apply in this case
 Moreover, even were we to grant review on this issue, the Hendricksons have failed to submit "clear and convincing evidence" to support their fraud allegation. England v. Doyle, 281 F.2d 304, 300-310 (9th Cir.1960) (the burden is on the moving party to establish fraud in the prior court proceeding by clear and convincing evidence).